JOHNSON *v*. ST. LOUIS BUTCHERS' SUPPLY COMPANY.

Opinion delivered April 6, 1895.

*Sale—False representations—Counter-claim.*

> In an action of replevin by a vendor of an article to recover its possession under a mortgage to secure the price, it is a good defense, by way of counter-claim, that the vendor made representations concerning the article which he knew to be false, and which induced the vendee to buy, and that the amounts already paid by the latter, together with a sum tendered, were equal to the value of the article.

Appeal from Washington Circuit Court.

EDWARD S. McDANIEL, Judge.

### STATEMENT BY THE COURT.

This was a suit in replevin to recover from the defendant (appellant) a certain fancy refrigerator, which plaintiff (appellee) had sold to the defendant, and upon which defendant had executed a mortgage back to plaintiff to secure it for the purchase money. Plaintiff claimed to be entitled to the possession of the refrigerator under the mortgage. The defendant answered, admitting the contract of sale evidenced by the notes for the purchase money and the mortgage to secure them, but denied plaintiff's right to possession, and set up as grounds of defense, in the second paragraph of his answer, substantially that he was a butcher, and engaged in the sale of fresh meats, and that plaintiff was a manufacturer of refrigerators, and represented to him that the refrigerator he purchased was made of first class material, well and skillfully constructed, and with a supply of a certain quantity of ice—100 or 150 lbs.—would keep meats perfectly sound for fourteen days during the hottest weather ; that defendant, relying solely upon such representations, bought of plaintiff said re-

frigerator, paying therefor the sum of forty dollars in cash and executing his note for balance, together with the mortgage to secure same ; that he had paid out as expenses in setting up said refrigerator the sum of nineteen and 80-100 dollars, and that with the forty he had paid in cash, and the sum of fifteen which he tendered in court was largely in excess of the value of said refrigerator ; that the amount he had paid in cash and the amount he tendered were equal to the value of same. He alleged that all of said representations, with regard to skillful construction of the refrigerator, preservation of meats by using certain quantities of ice, etc., were false. Defendant stated that plaintiff was a non-resident, and had no property in the State to indemnify him for his losses and damages on account of said false and fraudulent representations, and prayed that the value of said refrigerator be investigated, and for all proper relief.

The court sustained a demurrer to this paragraph of the answer, and, upon the issue made by the first paragraph, the cause was submitted to the court sitting as a jury. The issues were found for plaintiff, and judgment rendered for eighty dollars, from which the appeal was taken.

*T. M. Gunter* for appellant.

The mortgagor had a right to set up in his answer by way of defense any claim growing out of the transaction. 40 Ark. 75. He may set up any ground of defense, legal or equitable. Dig. sec. 5722, par. 4. A justice of the peace even may apply equitable doctrines. 44 Ark. 377 ; 55 *id.* 101. A counter-claim may be set up by way of defense in an action of replevin. 56 Ark. 426, 429, etc.

WOOD J. (after stating the facts.) The only question here is the ruling of the court upon the demurrer. According to *Ames Iron Works* v. *Rea*, 56 Ark. 450, the

matters of defense set up in the second paragraph of the answer were proper in this proceeding. Since no one could be held for false representations who honestly believed them true when made, the answer would have been in better form for a counter-claim growing out of the alleged false representations had it alleged that the plaintiff made them knowing they were false and intending to defraud, or that, not knowing the facts, he asserted them as true. *Hanger* v. *Evins*, 38 Ark. 334. But, on the question of intent, Mr. Bigelow declares what we consider the law as follows : "In cases of contest between the parties to the suit, especially in contracts of sale, the intention to mislead obviously follows from the defendant's knowledge of the falsity of his representations; that makes a case of fraud, and no further evidence of intention is required." The plaintiff company was the manufacturer of the refrigerator, and must have known the truth or falsity of the representations set forth in defendant's answer as to its meat-preserving qualities, or, if it did not know anything about them, it should not have asserted them as true.

Taking the second paragraph of the answer as true, it reveals a good ground for defense by way of counter-claim. The cause is reversed, with directions to overrule the demurrer to the second paragraph of appellant's answer.