MARKILLIE *v.* MARKILLIE.

1. CONTRACTS—CONSIDERATION—ANTENUPTIAL PROMISE.
    An antenuptial promise by the husband to convey land to the wife does not constitute a consideration for a conveyance after the marriage, where the wife did not rely upon such promise in contracting the marriage.

2. SETTLEMENT—MATTERS NOT INVOLVED.
    Where a testator's heirs at law threatened to attack, on the ground of incompetency and undue influence, a codicil to his will bequeathing certain moneys to his wife, and a deed conveying to her certain lands, and thereafter came to a settlement with her with respect to the bequest, nothing being said about the land, they were not precluded by the settlement from pursuing proceedings in equity to set aside the deed.

Appeal from Van Buren; Buck, J. Submitted January 5, 1898. Decided February 16, 1898.

Bill by George W. Markillie and others against Wealthy Markillie and Charles Allen to set aside certain deeds. From a decree for complainants, defendants appeal. Affirmed.

*T. J. Cavanaugh* and *Alfred J. Mills*, for complainants.

*A. Lynn Free* and *Heckert & Chandler*, for defendants.

GRANT, C. J. Complainants are the heirs at law of William Markillie, deceased. The defendant Wealthy

Markillie is his widow.  They were married May 26, 1894; he being 81 years of age and she 59.  He was a widower, having been married twice.  She was a widow.  He died July 17, 1896.  On February 25, 1895, he executed a deed of 80 acres of land to his wife.  He was placed under guardianship, as an incompetent person, September 23, 1895.  Defendant Allen is her grantee; she having deeded the land to him February 11, 1896.  The complainants charge in their bill that the deed from Mr. Markillie to his wife was without consideration, was procured by undue influence, and that Mr. Markillie was incompetent to execute it; that the deed to Allen was made without consideration, and upon an agreement that at the death of Mr. Markillie he should redeed the land to her; and that the arrangement was made with full knowledge that Mr. Markillie was incompetent, and for the sole purpose of assisting her to defraud the estate and heirs of Mr. Markillie.  The defendants deny the undue influence and incompetency, assert that the deed was made pursuant to a promise before marriage, but do not deny that the deed by defendant Markillie to defendant Allen was made under an agreement to reconvey on Mr. Markillie's death.

Many witnesses were sworn—about an equal number on each side—in regard to the mental condition of Mr. Markillie for some years before his death, and as to his promise to deed the land to her.  There is a sharp conflict of testimony on all the points raised, except that of an antenuptial contract.  If there was any such promise, it rested entirely in parol.  There is testimony that he told her he would give her the Barton place if she would marry him.  Whatever Mr. Markillie said to her, she has disposed of the question of a valid antenuptial contract by her own testimony, for she says that she did not rely upon any such promise in getting married: "I married him for a companion, so that I might have some place to stay, and that he might have some place to stay.  I had a home as well as I have now.  One would assist in taking care of the other."  The promise to convey was not,

therefore, the consideration for the marriage contract. Two physicians testified that Mr. Markillie was seriously affected with *senile dementia* at the time of, and for a long time prior to, the making of the deed. There is no medical testimony to contradict this. Where the testimony is in such direct conflict, much depends upon the character of the witnesses as they appear upon the stand, and whose credibility the judge presiding is better able to determine. Able briefs are filed, and the case was ably argued here; but we think the court below was in better position than are we to decide the questions involved, which are purely those of fact.

On the day that Mr. Markillie was adjudged incompetent, he made a codicil to his will, bequeathing to his wife $5,000. The heirs compromised the claim by giving her $4,000. It is now insisted that this settlement was made upon the basis that she retain the land. She herself testified that during the settlement no reference was made to the land. It cannot, therefore, well be maintained that the parties understood that no attempt should be made to set the deed aside. They settled the bequest under the will, and nothing more. The agreement of settlement did not purport to settle anything else than the matters therein described.

We deem it just to Mr. Free, who drew the deed and took the acknowledgment, to say that there is nothing in the record which will justify an inference of improper conduct on his part.

The decree must be affirmed, with costs.

The other Justices concurred.