### MARKILLIE v. ALLEN.

EQUITY—SUBROGATION—REVIVAL OF LIEN—HOMESTEAD.

A wife who had fraudulently obtained from her husband, who was incompetent, a conveyance of certain lands, deeded them to a third person, with an understanding that they should be reconveyed at the husband's death.     Subsequently, upon a bill filed by the husband's heirs, both conveyances were set aside.     The premises, when restored, were incumbered by a mortgage, the proceeds of which had gone to discharge a mortgage for a like amount upon the grantee's homestead. *Held*, that the lien upon the homestead should be revived, and the heirs subrogated to the rights of the original mortgagee.

Appeal from Van Buren; Buck, J.     Submitted April 20, 1899.     Decided June 5, 1899.

Bill by George W. Markillie and others against Charles Allen, Eliza Allen, and Wealthy Markillie, to revive a mortgage. From a decree for complainants, defendants appeal. Affirmed.

*T. J. Cavanaugh* and *Alfred J. Mills*, for complainants.

*Lincoln H. Titus* ( *William J. Barnard*, of counsel ), for defendants.

MONTGOMERY, J. The complainants are heirs at law of William Markillie, deceased. In a prior proceeding brought by these complainants against the defendants Wealthy Markillie and Charles Allen it was determined that the defendant Wealthy Markillie had obtained the conveyance of certain land from her husband, William, by undue influence, and that not only the conveyance to her, but a subsequent conveyance by her to the defendant Charles Allen, should be set aside. *Markillie* v. *Markillie*, 115 Mich. 658. While the title to this property stood in Charles Allen, he gave a mortgage of $650, in which his wife joined, covering the land conveyed to him by Mrs. Markillie. The present bill is filed setting up these facts, and further averring that the money received on this mortgage was used by Charles Allen to discharge a lien which existed on certain land conveyed by him to Mrs. Markillie, amounting at the time to $604.43, and praying that complainants be subrogated to the rights of the lienholder as they existed prior to the payment, and that a lien be declared in their favor to the amount stated, with interest. The circuit judge granted the relief, and defendants appeal.

It is strenuously insisted that the circuit judge was in error in finding for the complainants on the facts. On the part of the complainants the testimony tends to show that the money was received on the mortgage made by Charles Allen and wife to cover the 80 acres conveyed to him by Mrs. Markillie on the same day that the other mortgage

was paid. It appears that Charles Allen was present when it was paid. On the part of the defendants it is testified that the $650 borrowed on this mortgage was paid by Charles Allen to Mrs. Markillie, and two witnesses are called, who testify that they were called to witness the payment. Mrs. Markillie was not called. Defendant Charles also testified that his brother, Eugene Allen, paid and discharged the mortgage on the homestead, and called his brother to corroborate him. It is clear that the circuit judge, who saw these witnesses, discredited them; and a careful reading of the testimony, together with the reasons assigned by the circuit judge for his conclusion, satisfies us that the conclusion was justified by the circumstances in the case. It appears that on the trial of the former case Mrs. Markillie testified that the exchange of the property was without boot money. Charles Allen sat in court, and heard this testimony, and did not deny it. His attempt to explain his conduct is not, to our minds, satisfactory. The history of the dealings between the Allens, which left Eugene under the duty of discharging the Charles Allen mortgage, is, to say the least, vague and unsatisfactory. We are satisfied from the testimony that the mortgage was paid on the same day that the loan was made by Charles Allen, and, on the whole record, we are not disposed to disturb the finding of the circuit judge as to the facts.

It is contended that the decree is unauthorized, for the reason that it creates a lien on the homestead without the consent of the wife. This is not a proceeding to create a lien. It is an application to a court of equity to undo a fraud,—to trace a fund equitably belonging to complainants, and, when it is found that it was used to discharge a lien, complainants ask to revive that lien, and that they be subrogated to the rights of the original mortgagee. The power to do this is clear. 2 Pom. Eq. Jur. §§ 1044, 1051, 1053; *Pennell* v. *Deffell*, 4 De Gex, M. & G. 372; *Michigan Air-Line R. Co.* v. *Mellen*, 44 Mich. 321.

The decree is affirmed.

The other Justices concurred.