JULIA A. WEBBER v. JOHN G. HAUSLER and Others.

June 19, 1899.

Nos. 11,567—(166).

**Mortgage Loan upon Agent's Land—Payment of Prior Mortgage with Principal's Money—Subrogation.**

     W. intrusted to K. $1,000, to be loaned for him on a first mortgage on real estate. K., for the purpose of lending the money to himself without the knowledge of his principal, procured H. to execute to W. a note for $1,000 and a collateral mortgage on land owned by K., on which there was a prior mortgage for $1,000 to C., and then transmitted the note and mortgage to W., representing to him that it was a first mortgage, and that H. had good title to the land. It was the intention and purpose of both H. and K. that the mortgage to W. should be a first mortgage, and, to that end, that before it was executed K. should convey the land to H., and that W.'s $1,000 should be applied in payment of C.'s mortgage; but by inadvertence and oversight of the parties no such conveyance was ever executed. K. had deposited W.'s $1,000 in his own name in a bank in which he had an account, and afterwards checked out and used in his business all the funds deposited in that bank. K. paid C.'s mortgage by a check on another bank, in which he also kept an account. This mortgage, although paid, was never satisfied of record. K. subsequently made a general assignment for the benefit of creditors to the defendants. W.'s mortgage was never paid. *Held* that, as against defendants, W. was entitled to be subrogated to all C.'s rights under the prior mortgage.

**Same—Payment—Identical Coin.**

     Also that it was immaterial that K. did not pay that mortgage with the identical money which he received from W.

Action in the district court for Hennepin county by plaintiff as executrix of the will of Richard A. Webber, deceased, against John

G. Hausler, Charles M. Hanson and Albert C. Cobb, as assignees of A. F. & L. E. Kelley, insolvents, and others to have a mortgage declared a first lien and to be subrogated to the lien of a prior mortgage. The case was tried before Johnson, J., who found in favor of plaintiff; and from a judgment entered pursuant to the findings, defendant assignee appealed. Affirmed.

*Cobb & Wheelwright*, for appellant.

*Hahn, Belden & Hawley*, for respondent.

On the facts found Webber became subrogated to the rights of Cutting as against defendants. In legal effect his money paid off the Cutting mortgage, and such payment was made by Kelley acting as his agent, who was then obligated by his assumption of this mortgage to pay it. The payment cannot be held to be voluntary. Farm v. Elsbree, 55 Kan. 562; Cotton v. Dacey, 61 Fed. 481; George v. Butler, 16 Utah, 111; Home v. Bierstadt, 168 Ill. 618; Reimler v. Pfingsten (Md.) 28 Atl. 24; Shaffer v. McCloskey, 101 Cal. 576; Irvine v. Board of Commrs. of Kearney Co., 75 Fed. 765; Palmer v. Sharp, 112 Mich. 420; Milholland v. Tiffany, 64 Md. 455.

MITCHELL, J.

The short facts are that in January, 1893, plaintiff's testate, Richard A. Webber, who resided in Vermont, sent to the firm of A. F. & L. E. Kelley, in Minneapolis, $1,000, with instructions to invest the same for him in a first mortgage on real estate in Minnesota. At this time A. F. Kelley was the owner of a tract of land, subject to a mortgage for $1,000 to one Cutting, which was of record and would mature in March, and which Kelley had assumed and agreed to pay when he purchased the land. As an investment for Webber's money, A. F. Kelley, in March, 1893, caused the defendant Hammond, under the assumed name of Hausler, to execute to Webber a note for $1,000 and a collateral mortgage on the tract of land referred to, placed the mortgage on record, and then transmitted it and the note to Webber, representing to him that Hausler had perfect title to the land, and that the mortgage was a first lien upon it. Webber believed and relied upon their representations, and during his life never knew to the contrary. Both Kelley and

77 M.—4

Hammond, alias Hausler, intended that before the mortgage was executed the former should convey the land to the latter; but through the inadvertence and oversight of the parties no such conveyance was ever executed. It was also the purpose and intention of both of them that this mortgage to Webber should be a first mortgage on the land, which, of course, could only be by satisfying and discharging the Cutting mortgage. While not important in this case, it is quite evident that Kelley's object in having Hammond, under the name of Hausler, execute the mortgage was to conceal from his principal that he was in fact lending the money to himself. In February following Kelley paid the Cutting mortgage, and obtained a release of it, which was placed among his papers, but never put on record, so that the mortgage continued to appear of record as a subsisting lien on the land. Thus far the facts are stipulated and undisputed. With matters standing in this condition, on September 12, 1896, the Kelleys executed to the defendants a general assignment for the benefit of creditors.

The plaintiff, executrix of the last will of Webber, having discovered the condition of the title to the land, and particularly that Hammond, alias Hausler, never had any title to it, and the mortgage to Webber being unpaid, brought this action, asking to have it adjudged that she be subrogated to the rights of Cutting under his mortgage, and that she had a lien on the land to the amount of the Cutting mortgage. The ground on which she claims the right of subrogation is that it was Webber as second mortgagee who had paid the Cutting mortgage, or at least that it was his funds which he had loaned on a supposed second mortgage with which it was paid. If Webber in person, supposing that his mortgage was a valid lien on the land, had paid the Cutting mortgage, or if Kelley as his agent had paid it with the identical money intrusted to him by Webber, there could be no doubt of the right of plaintiff, as against the defendants, to be subrogated to all Cutting's rights under his mortgage. Indeed, we do not understand defendants' counsel to dispute this proposition.

The cases of Robertson v. Rentz, 71 Minn. 489, 74 N. W. 133, and Perkins v. Hanson, 71 Minn. 487, 74 N. W. 135, did not involve the question of subrogation, and hence are not in point.

The main contention of the defendants is that there was no right of subrogation, because it was not Webber's, but Kelley's, own money with which the latter paid the Cutting mortgage, and on that ground they assign as error the court's fifteenth finding as not supported by the evidence. This finding is as follows:

"That such use of said funds [Webber's $1,000] by the said Kelleys was only temporary, and in the payment of the principal sum secured by the said Cutting mortgage, and the placing of the plaintiff's mortgage upon the said property, * * * it was the intention and purpose of the said Kelleys that the said funds should be, and they were, permanently used and applied to pay said principal sum of the said Cutting mortgage, and it was the intention and purpose of the said Kelleys that the plaintiff's mortgage to the extent of the amount thereof should take the place of the said Cutting mortgage."

To fully understand this finding, it is necessary to refer to the evidence as to certain facts which are the subject of the court's preceding finding. When the Kelleys received the $1,000 from Webber, they deposited it to their own credit in the Vermont National Bank, in which they kept a bank account, and thereby commingled it with other funds belonging to themselves and to other persons, all of which funds were subsequently paid out by them by check in the usual course of their business for their own use. When the funds were thus used by them, whether before or after the payment of the Cutting mortgage, does not appear. When they came to pay the Cutting mortgage, they did so by a check upon another bank, in which they also kept an account. As already stated, the defendants had stipulated, and the court had accordingly found as a fact, that at the time of the transaction it was the intention of both Kelley and Hammond (or Hausler) that Webber's mortgage should be a first mortgage and a valid lien upon the land. A. F. Kelley also testified that the mortgage was made to Webber for $1,000, on the same land that Cutting had a mortgage on, and that Cutting was paid the $1,000, and Webber was charged (on Kelleys' books) with the loan of $1,000; the plan being to give him (Webber) the same security as Cutting had.

"Q. Did you intend to pay that note and mortgage [Cutting's] in your own funds, so that you should carry that yourself, or it

should be carried by Mr. Webber? A. For a few days,—a short time. Q. But it was the intention, was it not, and the purpose, * * * that this Webber mortgage should take the place of the Cutting mortgage? A. Yes, sir. Q. Permanently? A. Yes, sir."

A. F. Kelley, or his firm, had $1,000 of Webber's money to invest on a first mortgage. He was lending it to himself (under the guise of a loan to Hausler), doubtless in violation of his duty as agent, although that is immaterial here. It was his legal and bounden duty to Webber to apply that $1,000 to pay the prior mortgage belonging to Cutting. The evidence, direct and circumstantial, is ample to justify the conclusion that the purpose was that the Webber mortgage should be a substitute for the Cutting mortgage, and that the $1,000 received from Webber should be applied in payment of the Cutting mortgage, and that this was what A. F. Kelley intended to do, and supposed he was doing, when he paid the Cutting mortgage. Under these circumstances, we are of opinion that it was wholly immaterial whether the Cutting mortgage was paid by Kelley with the identical money which his firm had received from Webber, or with some other money as a substitute for it. In contemplation of law it was paid by Webber and with his money. If so, then he or his estate is entitled to be subrogated to the rights of Cutting. The creditors of the Kelleys are not in position to claim that plaintiff is in anywise estopped, as against them, to assert this right of subrogation; for it will be recollected that the Cutting mortgage remained unsatisfied of record, and an apparent lien on the land for its full amount. For these reasons, we are of opinion that the plaintiff is entitled to the rights of subrogation which she claims.

Judgment affirmed.