AMERICAN SODA FOUNTAIN COMPANY *v.* FUTRALL.

Opinion delivered January 7, 1905.

1. TRUST EX MALEFICIO—CONVERSION OF MORTGAGED CHATTEL.—Where a mortgaged chattel is wrongfully appropriated by the mortgagor and converted into another chattel, the latter is impressed with an equitable lien in favor of the mortgagee to the extent of the value of the former.   (Page 466.)

2. REPLEVIN—EQUITABLE DEFENSE—TRANSFER.—One sued in replevin may interpose as defense that he has an equitable lien on the property, and ask that the cause be transferred to equity for the enforcement thereof.   (Page 466.)

3. TROVER—DAMAGES.—Damages in trover are assessable with reference to the value of the article at the time and place of conversion. (Page 466.)

Appeal from Washington Circuit Court in Chancery.

JOHN N. TILLMAN, Judge.

Affirmed.

STATEMENT BY THE COURT.

Futrall loaned Nix $300, and Nix gave him his notes, and secured them by a chattel mortgage on a soda fountain and other personal property. The chattel mortgage was filed, and Futrall went to Europe, and during his absence Nix traded the soda fountain to appellant in part payment of a new one. Appellant had actual, as well as constructive, notice of the mortgage on the fountain, and in the face of it took the fountain at a valuation of $300, and shipped it to its factory in Boston, Mass., and sent Nix the new fountain. Nix executed notes to appellant for balance of purchase price of the new fountain, in which it was stipulated that the title to it was reserved until the purchase money was fully paid. Default was made by Nix in payments to Futrall and to appellant. Futrall foreclosed his mortgage, bought in the other personal property, and there was a residue of over $200 due him from Nix. Futrall took possession of the

new fountain with the mortgaged chattels, and appellant replevied it from him in a suit brought against him and Nix.    Pending this suit, appellant sold the new fountain, and held its proceeds. Futrall answered, in substance, setting forth the foregoing facts, and alleged that he had, by reason of the conversions by appellant of the fountain on which he had a lien, and the substitution of the new one for it, a special ownership in the new one; and that he was damaged to the extent of the residue of his debt, alleging the old fountain to be of sufficient value to pay the remainder of his debt.    This defense was met by a demurrer, which was overruled, and the court thereupon transferred the case to chancery, in which forum it was tried.

The evidence conflicted as to the value of the old fountain. Appellant's testimony placed it at $25 and appellee's at $200 and upward.

The court gave judgment for Futrall for $200, the value it attached to the old fountain, and appellant brought the case here.

*L. W. Gregg,* for appellant.

1.    The court erred in overruling the demurrer to the third paragraph of the answer.    Appellee had no greater right than Nix, under whom he claimed.    The mortgage did not cover property acquired in future; but if it had, the mortgage lien attached subject to the conditions in contract between appellant and Nix. Jones, Ch. Mort. § 154; 15 Am. & Eng. Enc. Law (1st Ed), p. 752.    While it may have set up a cause of action for the value of the old soda fountain, it was no defense in replevin.    40 Ark. 75; Cobbey, Repl. § 791.

2.    Appellee has an adequate remedy at law.    7 Ark. 520; 13 *Id.* 630; *26 Id.* 649; *27 Id.* 97; *Ib.* 157; 67 *Id.* 416.

*E. B. Wall* and *E. S. McDaniel,* for appellee.

The third paragraph of the answer presents an equitable defense, estoppel from the fraudulent action of plaintiff.    2 Pom. Eq. Jur. § § 801-2, and notes on 51 N. H. 287-9 and 12 Am. Rep. 111 in footnote, pp. 1110-1112; *Ib.* § 804; Jones, Ch. Mort. § 154.    The act of appellant in removing the fountain and substituting, etc., constitutes actual fraud, but prior to this attempt

might have been construed as a mere substitution subject to appellee's mortgage. 2 Pom. Eq. Jur. (2d Ed), note p. 112 citing 85 Penn. St. 412-417; 27 Am. Rep. 662; 51 N. H. 324, 330. An equitable defense may be set up against replevin. 56 Ark. 526; 60 *Id.* 387. See also § 911, 2 Pom. Eq. Jur. (2d Ed.).

HILL, C. J., (after stating the facts.) Three errors are alleged to have been committed, viz: (1) overruling the demurrer to defendant's answer; (2) transferring the case from law to equity; and (3) finding the value of the old fountain at $200.

1. The old fountain was converted to appellant's use in the face of the mortgage resting upon it, and its value to the extent of $300, the agreed price thereof, went into the new fountain, the subject of this suit. These facts constituted a trust *ex maleficio,* and impressed the property with an equitable lien to the extent of the value of the old fountain. *Humphreys* v. *Butler,* 51 Ark. 351; 2 Pomeroy, Eq. Jur. § § 1051, 1053; 2 Story, Eq. Jur. § § 1255, 1258.

2. When sued at law, a defendant must interpose all the defenses which he has, legal or equitable; and when one is purely of equitable cognizance, that issue must be determined in chancery. *Daniel* v. *Garner,* 71 Ark. 484. That was the case here. The facts did not constitute a special ownership as claimed by Futrall, but did present an equitable lien against the property. Equity enforces these trusts *ex maleficio* against the property acquired with converted property or its proceeds, although there may be an action at law for damages. 2 Pomeroy, Eq. Jur. § 1053. That an equitable defense may be interposed to a replevin suit is settled. *Ames Iron Works* v. *Rea,* 56 Ark. 450; *Johnson* v. *St. L. Butchers' Supply Co.,* 60 Ark. 387.

3. There was ample evidence to support the chancellor's finding that the fountain was worth $200. The testimony relied upon by appellant to establish its value at $25 was given by workmen in appellant's factory in Massachusetts. Conceding their greater knowledge of the value of the fountain and each part of it, yet their testimony is as to its value and condition in Massachusetts. It was converted at Fayetteville, Ark., and its value then and there fixes the measure of liability. Finding no error in the decree, it is affirmed.