COULTER *v.* MINION.

1. FRAUD — MISREPRESENTATIONS — OPINIONS — STATEMENTS OF FACT.

Where defendant, to facilitate an exchange of property, induced complainant to lend money on the security of the land exchanged, to discharge a mortgage on the land received by defendant in exchange, his representations as to the value of the land on which the security was taken were statements of fact and not mere expressions of opinion.

2. SUBROGATION—MORTGAGES—FRAUD.

Complainant, having been fraudulently induced to advance money on worthless security, which was used to discharge a mortgage on defendant's land, is entitled to be subrogated to the rights of the mortgagee in the discharged mortgage.

Appeal from Kent; Wolcott, J. Submitted January 10, 1905. (Docket No. 30.) Decided February 28, 1905.

Bill by Mary E. Coulter against Irvin W. Minion and another for subrogation to the rights of a mortgagee of property obtained by defendants through fraud. From a decree dismissing a bill, complainant appeals. Reversed, and decree entered for complainant.

*Taggart, Denison & Wilson*, for complainant, cited:

*Graham* v. *Moffett*, 119 Mich. 303; *Simonds* v. *Cash*, 136 Mich. 508; *Morman* v. *Harrington*, 118 Mich. 623; *Walker* v. *Casgrain*, 101 Mich. 604; *Picard* v. *McCormick*, 11 Mich. 68; *Webster* v. *Bailey*, 31 Mich. 36; *Nowlin* v. *Snow*, 40 Mich. 699; *Maxted* v. *Fowler*, 94 Mich. 106; *Moon* v. *McKinstry*, 107 Mich. 668; *Miller* v. *Voorheis*, 115 Mich. 356.

*Grove & McDonald*, for defendants.

HOOKER, J.   Minion, being the owner of a farm in Barry county, negotiated an exchange for residence property in Grand Rapids with Lloyd, from whom he was to receive $250 in cash, as the difference in value of the properties.   There was a mortgage of $1,200 upon the Grand Rapids property, and the plan was for Lloyd to borrow $1,450 on the farm, of which sum $1,200 was to be applied on the mortgage and the remainder was to go to Minion. Minion negotiated this loan with the complainant, though only $1,200 was finally borrowed, he taking a second mortgage for $250 upon the farm; and the deal was consummated, and the $1,200 was used in paying off the mortgage on the Grand Rapids property.   The farm turned out to be of but little value, and Lloyd abandoned it, as not worth his investment in it.   The complainant filed the bill in this cause, asking that she be subrogated to the rights of the mortgagee in the Grand Rapids property, who received her money by reason of Minion's fraud in inducing her to take the mortgage.   We find ample evidence of overreaching on the part of Minion, and it is unnecessary to discuss the evidence showing it.   There are some legal questions, however, which should be referred to.

The circuit judge held that the representations made by Minion were matters of opinion merely, and dismissed the bill.   Minion's representation of the value was more than the expression of an opinion, under the circumstances shown.   *Picard* v. *McCormick*, 11 Mich. 68; *Nowlin* v.

*Snow*, 40 Mich. 701. Under such circumstances, the representation is a fraudulent statement of fact. His reference of complainant to Averill for information was no more than an effort to avoid the consequences of his fraud, and does not help his case. See *Graham* v. *Moffett*, 119 Mich. 303. This sufficiently covers the claim that complainant cannot recover for the reason that she relied on Averill's statement.

It is contended that this is not a case for subrogation, but we think otherwise. Minion caused this loan to be made through fraud. It was understood that he was to have the money applied to the release of a mortgage on property that he had acquired from the mortgagor, and it was so applied. Such mortgage having been discharged by the mortgagee, Minion has reaped the benefit of his fraud at the expense of complainant, unless a court of equity can give to the complainant redress through subrogation. We are of the opinion that it is a proper case for equity to thus intervene. The authorities cited in complainant's brief cover the question and support our conclusion.

The decree is reversed, and a decree will be entered granting the prayer of the bill, with the costs of both courts.

MOORE, C. J., and CARPENTER, MONTGOMERY, and OSTRANDER, JJ., concurred.