MIDLAND SAVINGS & LOAN CO. v. SUTTON *et al.*

No. 6157. Opinion Filed January 25, 1916.

(154 Pac. 1133.)

1. **JUDGMENT—Res Judicata—New Matter.** New matter that arises after the trial of an action is not barred by the judgment rendered in such action.

2. **MONEY RECEIVED—Subrogation—Reinstatement of Mortgage.** S. borrowed $800 from M. to improve certain lots and gave a note to M. to secure the same. S. afterwards borrowed $1,200 from A. for the purpose of paying off M.'s mortgage and intending to use the balance in the completion of the improvements on said lots, and gave a mortgage thereon to A. to secure said loan. One Swan was the agent of both M. and A., and the money in each instance was sent to him to pay over to S. as the work progressed. When A. sent the $1,200 to Swan, S. instructed him to pay off the mortgage of M. Swan failed to pay M., but it was finally adjudicated in another action that, Swan being the agent of M., payment to Swan was payment to M. Swan did not in fact pay out any of the $1,200 sent him by A. for S. He afterwards repaid the $1,200 to A., and A. released the mortgage S. had given A. to secure the $1,200. *Held,* A., having full knowledge of all the facts, was bound to pay over to M., out of the money paid it by Swan, the amount due M., and, when it gave S. credit for the amount instead of turning it over to M., the rightful owner, A. became liable to M. for that amount, and M. had a right to have the mortgage of S. to A. reinstated and to be subrogated to the rights of A. for the amount due M.

(Syllabus by Mathews, C.)

*Error from District Court, Pittsburg County;*
*Preslie B. Cole, Judge.*

Action by the Midland Savings & Loan Company, a corporation, against Ellie Sutton and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

See, also, 30 Okla. 448, 120 Pac. 1007.

*Robert N. McMillen, A. J. Bryant,* and *Ames, Chambers, Lowe & Richardson,* for plaintiff in error.

*A. C. Markley, Ferry, Doran & Dean,* and *Fuller & Porter,* for defendants in error.

Opinion by MATHEWS, C. For convenience the plaintiff in error will be referred to as the "Midland Company," and the defendants in error the Ætna Building & Loan Association as the "Ætna Company," and Ellie Sutton and her husband as the "Suttons." The facts in this case are quite complicated, but briefly stated, as far as is necessary for a decision, are as follows: In June, 1908, the Suttons, having in contemplation the improvement of two lots in McAlester owned by them, borrowed $800 from the Midland Company, giving a mortgage on the lots to secure the same. Having decided that the sum thus borrowed would not be sufficient to complete the intended improvements, they borrowed $1,200 in August, 1908, from the Ætna Company, and gave it a mortgage on the same lots to secure the loan. One H. E. Swan was the local agent for both loan companies, and in each instance the money was sent direct to him by draft made payable to the order of him and the Suttons jointly; the arrangement being that each should indorse the draft, and then Swan was to retain the money and pay the same out as the work progressed. Upon the reception of the $1,200 from the Ætna Company by Swan, he was instructed by the Suttons to pay to the Midland Company

$800 thereof in full payment of their mortgage. It seems that Swan was rather tenacious of money coming into his hands, and, instead of paying off the $800 mortgage, to put it mildly, retained the money in his own hands. The Suttons, being unable to get what was due them on the loans, on the 13th day of August, 1909, instituted suit against the Midland Company, to which action the Ætna Company was made a party, to have the Midland Company mortgage canceled upon the grounds that they had instructed Swan, who they alleged was the Midland Company's agent, to apply enough of the funds acquired from the Ætna Company to the payment in full of the Midland Company's mortgage. A trial was had upon this issue in the superior court of McAlester and judgment rendered in favor of the Suttons. The Midland Company took an appeal to the Supreme Court, and there on December 12, 1911, the judgment was affirmed in favor of the Suttons; the reported case being found in 30 Okla. 448, 120 Pac. 1007. That case turned entirely upon the question whether Swan was the agent of the Suttons or the Midland Company, the court deciding that Swan acted as the agent of the Midland Company. In September, 1912, the Ætna Company, through an arrangement with Swan, purchased a $3,000 real estate mortgage, paying the excess over their $1,200 mortgage in cash, and in January, 1912, filed a release of the said mortgage given them by the Suttons. At the same time the Suttons filed their action for cancellation against the Midland Company, they also filed the same kind of action against the Ætna Company. This case did not go to trial, and on October 10, 1912, was dismissed with prejudice.

It is the contention of plaintiff, the Midland Company, that there having been rendered a final judgment in the aforesaid action holding that Swan was the agent of plaintiff and had received from the Suttons as such agent the sum of $800 obtained by them from the Ætna Company which canceled the mortgage held by plaintiff against the Suttons to secure the payment of its mortgage, that Swan, being due it the said $800, instead of paying that sum over to them, in fact, paid the money over to the Ætna Company, who then proceeded to credit the Suttons with the same and released the mortgage held by the Ætna Company against the Suttons; that the Ætna Company had full knowledge of all the facts in the case and were in duty bound to turn over to the Midland Company the $800 due it, instead of giving the Suttons credit for it, and for that reason plaintiff claims the right to be subrogated to the rights of the Ætna Company in the mortgage of the Suttons to the Ætna Company and asks that the said mortgage be reinstated, the release held ineffective, and that it have judgment against all of said parties for the amount found due it and a decree of foreclosure of said mortgage.

The Ætna Company contends that there was no privy of contract between it and plaintiff, and that it was under no obligation to plaintiff to assist it in the collection of its debt, but that its duty was to make itself whole; that its agent, Swan, had failed to pay over the money sent him to be delivered to the Suttons, and that the Suttons had instituted suit for the cancellation of its mortgage on that ground; that plaintiff had purchased a mechanic's lien on the lots in controversy which was a prior lien to its mortgage; that, in order to secure a refund of the money it had turned over to Swan, the

Ætna Company was compelled to purchase from the said Swan a real estate mortgage in the sum of $3,000 and had paid the difference between the same and the $1,200 in cash.

The Suttons and the Ætna Company both contend that the matter in issue here became *res judicata* as a result of the judgment rendered in the said action instituted by the Suttons against plaintiff and affirmed by the Supreme Court as reported in 30 Okla. 448, 120 Pac. 1007.

The Suttons further contend that, when the $1,200 was received by Swan from the Ætna Company, they directed him to pay out of this money the amount in full due the Midland Company, and that in this manner the Midland Company was paid, and that they are no longer indebted to it.

At the close of plaintiff's testimony, which disclosed practically the facts as above set out, the court sustained a demurrer to plaintiff's evidence. Plaintiff's motion for a new trial having been overruled, it prosecutes this appeal.

The defendants base their claim of *res judicata* upon the decision of this court as laid down in the case of *Prince v. Gosnell*, 47 Okla. 570, 149 Pac. 1162, wherein it is stated that, when a cause of action goes to final judgment, not only every matter litigated in the case, but every matter which might or could have been litigated therein, whether pleaded or not, becomes *res judicata*. This rule applies to matters then in existence at the time of the trial. But in the case at bar the entire matter which plaintiff complains of arose after a final adjudication of the former action, which was tried

in November, 1909. It was there decided that Swan, as the agent of the Midland Company, had received from the Suttons, for the use and benefit of the Midland Company, an amount of money out of the Ætna Company loan to fully pay off the indebtedness of the Suttons to the Midland Company. The status of the parties at the conclusion of this trial was that Swan was indebted to the Midland Company for the amount due on the Sutton mortgage. The Ætna Company did not receive this sum from Swan until September, 1910, which it then gave the Suttons credit for, instead of paying it over to the Midland Company, and these are the acts which the Midland Company complain of in the action at bar, and we hold that the plea of *res judicata* is not well taken.

It is argued that there was no privy of contract between the Ætna Company and the Midland Company. In a strict legal sense, this contention might be conceded, yet the Ætna Company is in the attitude of taking funds coming into its hands and, with full knowledge of all the facts, turning the same over to the Suttons, when reason and equity say that it belonged to the Midland Company and should have been paid over to it.

As a result of the former trial, it was judicially determined that Swan had received $800 from the Ætna Company for the use of the Suttons, and that under the instructions from the Suttons this $800 should have gone to the Midland Company for the purpose of paying off its mortgage executed by the Suttons. After this status was fixed by the court, there was nothing that Swan could legally do except pay the money over to the Midland Company, the rightful owner; the court having decided that he held that sum for it as agent. But instead of

paying the Midland Company, we find him turning the same over to the Ætna Company, which in turn delivers it to the Suttons, or rather gives them credit for it. This money legally belonged to the Midland Company, and no matter into whose hands it came, if they were cognizant of that fact, they could make no other legal disposition of the same except to deliver it to the rightful owner. *Coulter v. Minion,* 139 Mich. 200, 102 N. W. 660; *Mark-illie v. Allen,* 120 Mich. 360, 79 N. W. 568; *Webber v. Hausler,* 77 Minn. 48, 79 N. W. 580; *Young v. Pecos County,* 46 Tex. Civ. App. 319, 101 S. W. 1055; *Matthews v. Fidelity Title Co.* (C. C.) 52 Fed. 687; *Byrom v. Gunn,* 102 Ga. 565, 31 S. E. 560; *Zinkeison v. Lewis,* 63 Kan. 590, 65 Pac. 644; *Newell v. Hadley,* 206 Mass. 335, 92 N. E. 507, 29 L. R. A. (N. S.) 908; *Jones v. Kilbreth,* 49 Ohio St. 401, 31 N. E. 346; *Independent District v. King,* 80 Iowa, 497; 45 N. W. 908; *Plow Co. v. Lamp,* 80 Iowa, 722, 45 N. W. 1049, 20 Am. St. Rep. 442; *Myers v. Board of Education,* 51 Kan. 87, 32 Pac. 658, 37 Am. St. Rep. 263; 33 Pomeroy's Equity Jurisprudence, 1047-1051; *Peters v. Bain,* 133 U. S. 693, 10 Sup. Ct. 354, 33 L. Ed. 696; *Montagu v. Pac. Bank* (C. C.) 81 Fed. 602; *Farmers' & Traders' Bank v. Kimball M. Co.,* 1 S. D. 388, 47 N. W. 402, 36 Am. St. Rep. 739; *Tierman v. Security B. & L. A.,* 152 Mo. 135, 53 S. W. 1072; *Amer. S. F. Co. v. Futrall,* 73 Ark. 464, 84 S. W. 505, 108 Am. St. Rep. 64; Sheldon on Subrogation, sec. 14; 27 Am. & Eng. Enc. 213; *Gooch v. Allen,* 70 W. Va. 38, 73 S. E. 56, 37 L. R. A. (N. S.) 932; *Cumberland B. & L. A. v. Sparks,* 111 Fed. 697, 49 C. C. A. 510; *Dorrah v. Hill,* 73 Miss. 787, 19 South. 961, 32 L. R. A. 631.

The Ætna Company stood in relation to the Midland Company in a kind of quasi contractual relation at least.

It had been a party to the former suit and was as fully informed as to every fact in the case as was the Midland Company itself.

As the case stands, the Suttons are in the attitude of having received some money upon a loan which they have not repaid in any way, but have had the note and mortgage given to secure the same canceled and have been entirely relieved· of the obligation without paying any consideration for such relief. For them to retain the money received by them in this transaction without being liable to any one for its repayment is absolutely fallacious and violates all rules of equity and right. But it is further claimed that the Suttons ·have suffered damages at the hands of the Midland Company in several ways, which it is not necessary to here set out, and that these damages offset the sum of money due the Midland Company. This contention may be supported by facts which warrant this relief, but the plaintiff is entitled to have the question of damages claimed by the Suttons tried out and judicially determined, which has not been done, as this case went off upon demurrer to plaintiff's evidence.

The Ætna Company urges that Swan was instructed not to turn the $1,200, or any part thereof, over to the Suttons, or to pay any of it out for them unless the $1,200 was sufficient to liquidate the entire claims against the lots in controversy, and they claim that the facts show that it was not sufficient to do this. Their plea of *res judicata* reacts on them here, for it was decided in the former case that Swan had used $800 of this money to pay off the. Midland mortgage. It is conceded that Swan was its agent, and, while he may have violated its instructions, yet it remains, constructively speaking, that

he has appropriated $800 of its money for that purpose, and so determined by the court.

It is also contended that the Suttons were entitled to have the mortgage released, as was done, because they did not get any of the Ætna money; but it appears quite to the contrary, that they did get the benefit of enough of it to obtain the release of the $800 mortgage held against them by the Midland Company.

The fact that the Ætna Company obtained securities instead of the actual money from Swan in its effort to have him repay it the $1,200 sent him for the Suttons may be a complication which will have to be met on the retrial of this case, because, if the securities received by it were not worth the sum invested in the same, it seems equitable that it should respond only for the securities' actual value.

To state it concisely, we hold that, at the conclusion of the trial in the former case, Swan stood indebted to the Midland Company for the amount that the Suttons owed it on the note and mortgage executed by the Suttons to the Midland Company, which the Suttons admit was $615, but the Midland Company claims was $800 and interest, a matter not necessary to determine here. When Swan repaid the $1,200 sent him by tht Ætna Company for the use of the Suttons, then the Ætna Company became liable to the Midland Company to pay it the sum due it by Swan, and therefore the Midland Company has a right to be subrogated in the mortgage given by the Suttons to the Ætna Company in the amount due it and to have the mortgage restored for that amount and to have a personal judgment against the Ætna Company for the sum due. While Swan was made a party

to the suit and filed an answer, but he seems to have then passed out of the case, as no further action was taken as to him, as far as the record shows.

If it be found upon retrial that the Suttons are entitled to damages against the Midland Company, as claimed in their cross-petition, of course this could be offset against their indebtedness to the Midland Company.

We recommend that the judgment be reversed and remanded, with instructions to the trial court to proceed in accordance with this opinion.

By the Court: It is so ordered.