GOLDBERG v. DRAKE.[1]

VENDOR AND PURCHASER—OPTION — ACCEPTANCE — CONTRACT — VALIDITY.

A written option to sell certain described real estate at a certain named sum, signed by the landowner, on which is indorsed an acceptance and promise to pay the balance of the consideration within the time limited by the option, signed by the person to whom the option is given, constitutes a binding contract for the sale of real estate, though the acceptance was signed by the purchaser on a day subsequent to the date of the option, and in the vendor's absence.

Error to Kalamazoo; Adams, J. Submitted April 19, 1906. (Docket No. 104.) Decided July 9, 1906.

Assumpsit by Samuel T. Goldberg against Soledad Drake on a contract for the sale of certain land. There was judgment for plaintiff, and defendant brings error. Affirmed.

[1] Rehearing denied July 24, 1906.

*Osborne & Mills* (*Thomas W. Browne*, of counsel), for appellant.

*Knappen & Flansburg* (*E. M. Irish*, of counsel), for appellee.

MONTGOMERY, J. This is an action to recover damages for the breach of a contract. The written agreement between the parties was in words and figures following:

"Memorandum of agreement made this 29th day of April, A. D. 1904, between Samuel T. Goldberg, party of the first part, and Soledad Drake, party of the second part, in the manner following: The said party of the first part, in consideration of the sum of $25.00 to him duly paid upon the signing of this agreement, hereby agrees to sell unto the said party of the second part all that certain piece or parcel of land situate in the city of Kalamazoo, county of Kalamazoo, and State of Michigan, and more particularly known and described as follows, to wit: House and premises on West Lovell street, on the south side thereof, the premises being the third lot west of the intersection of Park and Lovell streets.

"The said party of the first part hereby agrees to sell the said premises to the said party of the second part for the sum of $4,000 (four thousand dollars), and that the said party of the second part may have this option for seven days. The sum of $25.00 paid upon the signing of this agreement to apply upon the sum of $4,000 to be paid in full for said premises.

"SAM T. GOLDBERG.

"I hereby agree to the above terms and to pay the balance, or the sum of three thousand nine hundred and seventy-five dollars, within seven days.

"SOLEDAD DRAKE."

The undisputed testimony showed, and the circuit judge found, that that portion of the contract above the signature of the plaintiff was signed by plaintiff on the day of its date; that thereafter, and not in plaintiff's presence, the portion thereunder written and above defendant's signature was signed by defendant. Defendant afterward gave the plaintiff notice that she had elected not to take the property. The plaintiff tendered a deed of the prop-

erty, and, on defendant's refusal to accept the same, instituted this suit. The circuit judge held that the writing constituted a valid contract, binding upon both parties. This holding presents the only question in the case.

We think the ruling of the circuit judge was right. It is true that as originally written the instrument amounted to no more than an option, but afterwards the further clause was added and signed by defendant. If that portion above plaintiff's signature be considered as an option or offer, the addendum must be considered an acceptance of that offer. It contained an unconditional promise to pay the purchase price within seven days. From that time it cannot be said that the purchase was optional with defendant without doing violence to the language employed.

Judgment affirmed.

CARPENTER, C. J., and McALVAY, OSTRANDER, and MOORE, JJ., concurred.