LUDWIG *v.* HALL.

1. VENDOR AND PURCHASER—OPTION TO PURCHASE LAND—EXECU-
TORY LAND CONTRACT.
Where a written option to purchase land was accepted in
writing before its expiration, it became an executory land
contract.[1]

2. SAME—LAND CONTRACTS—CONSTRUCTION.
A clause in an optional contract for the purchase of land
providing that the sellers would furnish an abstract show-
ing a merchantable title, and that the buyers would pay
a certain amount down, is construed to mean that the
vendors would furnish said abstract and the vendees
should have a reasonable time in which to have it ex-
amined before being obliged to make the down payment.[2]

3. SAME—AGREEMENT TO FURNISH ABSTRACT CONDITION PRECEDENT
—DEFAULT.
Where the sellers in an optional contract for the pur-
chase of land failed to furnish the buyers with an abstract
of title, as they agreed to do, the buyers are not in default,
although they have not made the down payment provided
for and the option period has expired, since the furnish-
ing of the abstract is a condition precedent, and until that
is done they are excused from making payment.[3]

Appeal from Wayne; Dunham (Major L.), J., pre-
siding.    Submitted January 22, 1926.    (Docket No.
92.)    Decided April 14, 1926.    Rehearing denied June
7, 1926.

Bill by Andrew Ludwig and another against Edna
M. Hall and another to remove a cloud upon title to
land.    Defendants filed a cross-bill for specific per-
formance of a land contract.    From a decree for
plaintiffs, defendants appeal.    Reversed, bill dis-
missed, and decree entered for defendants.

[1]Vendor and Purchaser, 39 Cyc. p. 1243; [2]Id., 39 Cyc. p. 1308;
[3]Id., 39 Cyc. pp. 1516, 1606.
On duty of vendor as to abstract of title, see note in 43 L. R.
A. (N. S.) 44.

*Joseph Jirasek* (*Bishop, Kilpatrick & Weaver,* of counsel), for plaintiffs.

*Harry H. Wait,* for defendants.

BIRD, C. J.   On the 19th day of August, 1922, plaintiffs gave defendant Hall a written option to purchase their farm of 82 acres, in the township of Brownstown, Wayne county.   The material part of the option is as follows:

"That the said parties of the first part, in consideration of the sum of fifty dollars to them in hand paid by the said second party, do hereby agree that they shall and will at any time ninety days from the date hereof, at the written request of the said party of the second part, execute and deliver to her, or to any person or persons as she, the said party of the second part, shall direct in writing, a good and sufficient warranty deed of the following described land, situated in the township of Brownstown, county of Wayne, State of Michigan, to-wit:   The so-called Andrew Ludwig farm being the northerly part of the northeast quarter of section 14 and containing eighty-two acres more or less of land, for the sum of twenty-five thousand ($25,000) dollars, payable as follows:

"Five thousand dollars cash down, five thousand dollars in six months thereafter and the remainder in two years with interest at the rate of 6 per cent. per annum payable semi-annually.   An abstract to be furnished showing a marketable title and a mortgage to be given when the first five thousand dollars is paid."

Before the option expired, and on November 8th, defendant served plaintiffs with the following acceptance of the option:

"November 8, 1922.
"Mr. ANDREW and AUGUSTA LUDWIG,
  "Brownstown Township, Wayne County, Mich.
  *"Dear Friends:* The order for the abstract of your farm, being the northeasterly eighty-two (82) acres of the northeast quarter of section 14, town 5 south

range 10 east, township of Brownstown, Wayne
county, Michigan, has this day been placed with the
Burton Abstract Company of this city as per your re-
quest and as soon as it is made up, I will notify you,
and if agreeable to you, I will deliver it to my attorney
for examination as to the title being marketable and
when everything is found all right, I will take title to
the land according to the terms of the option which
you have given me of the said land.

"EDNA M. HALL."

There was delay about getting the abstract. Some
misunderstanding ensued as to who was to order the
abstract, but it was never delivered to defendants
within the 90 days, nor afterwards. Subsequently,
Edna Hall quitclaimed her interest to her father, Alex-
ander J. Stuart, and Stuart placed the deed of record.
Plaintiffs filed this bill to remove the cloud from their
title, charging that defendants were in default with
reference to their option. Defendants answered,
denying that they were in default in their contract,
and asked for affirmative relief by way of specific
performance of the contract. The court gave plain-
tiffs relief on the theory, evidently, that the defend-
ants were in default in making the down payment of
$5,000.

It is not denied that plaintiffs gave defendant a
written option to purchase the farm within 90 days
from its date. It is conceded that this option was
accepted in writing before the option expired. When
the option was accepted it became an executory land
contract. *Goldberg* v. *Drake*, 145 Mich. 50.

The provision of the contract with reference to an
abstract showing a merchantable title, fairly construed
in the light of the context, was that plaintiffs should
furnish such an abstract, and that defendants should
have a reasonable time thereafter to have it examined
by someone skilled in the business before defendants
were obliged to pay the $5,000. It was a condition

precedent. 39 Cyc. p. 1516. This plaintiffs did not do. There was some effort made by defendants to assist in ordering the abstract, presumably because defendants lived in the city and the plaintiffs in the country. The fact remains, however, that the abstract was never tendered to defendants. Along in November the plaintiffs received the abstract, but refused to show it to the defendants, claiming at the same time that the option had expired. Until the abstract was tendered defendants were not in default. Suppose on this state of facts plaintiffs had attempted to enforce specific performance? Could they have succeeded in a court of equity unless they showed that they had tendered the abstract in accordance with the contract? Defendants were not bound to pay the $5,000 until plaintiffs tendered the abstract. The fact that the 90 days had expired did not relieve plaintiffs from that duty. *Standard Oil Co.* v. *Murray*, 214 Mich. 299. See, also, *Frazer* v. *Hovey*, 195 Mich. 160. We do not think plaintiffs are in a position to ask relief of a court of equity.

The decree will be reversed. Plaintiffs' bill is dismissed. Defendants will be given a decree for specific performance on their cross-bill. Defendants will recover their costs in both courts.

Sharpe, Snow, Steere, Fellows, Wiest, Clark, and McDonald, JJ., concurred.