GIPSON v. HESTER.

1. CONTRACTS—ACCEPTANCE OF OPTION.

Under written option to purchase a one-half interest in oil, gas and other minerals, which option was to last until a proper abstract was produced, where abstract was ordered and paid for by optionees their tender of balance of money due optionors at local abstract office upon execution of mineral deed constituted an acceptance of the option, where option had been timely accepted by optionees.

2. SPECIFIC PERFORMANCE—ACCEPTANCE OF OPTION—OIL, GAS AND MINERAL RIGHTS.

Specific performance of recorded option to sell a one-half interest in oil, gas and mineral rights in a certain description of land was properly decreed on optionees' cross bill for such relief in suit to cancel the option by purchasers from optionors, who had notice of the option, where option had been timely accepted by optionees.

Appeal from Arenac; Shaffer (John C.), J. Submitted October 3, 1944. (Docket No. 5, Calendar No. 42,767.) Decided January 2, 1945.

Bill by Carl R. Gipson and others against E. G. Hester and another to compel the discharge of an option. Cross bill by defendants against plaintiffs for specific performance of an option. Decree to defendants. Plaintiffs appeal. Affirmed.

*Harry E. Converse,* for plaintiffs.

*Donald R. Williams,* for defendants.

Options, see 1 Restatement, Contracts, § 24, comment c; definition of acceptance thereof, §§ 29, 52; notice of acceptance, § 56.

Wiest, J.   July 24, 1940, Charles and Gertrude M. Haslett, then owners of certain farm land in Arenac county, in consideration of $25, executed and delivered to Dr. E. G. Hester and H. W. Sullivan, defendants and cross-plaintiffs herein: "The sole right and option to purchase for the price and sum of $310, a one-half interest in and to all of the oil, gas and other minerals, in and under and that may be produced" from a described parcel of their land. The agreement stated "that the duration of the aforesaid option is until proper abstract is produced." The option was duly recorded. Plaintiffs, who are subsequent purchasers of the premises from the optionors, were well aware of the option and on September 22, 1943, filed the bill herein to have the option cancelled on the ground that the terms and conditions thereof had not seasonably or in fact been accepted by defendants.

Defendants by cross-bill asked for specific performance of the option and upon hearing the court granted specific performance and dismissed plaintiffs' bill.   Plaintiffs appeal.

The ruling question is whether the defendants seasonably exercised the option and made or tendered payment thereon rendering it a binding contract.

At the time the option was executed defendants paid $25, and three or four days later paid $100 more.   This left $185 to be paid upon execution of a mineral deed by the optionors.   August 16, 1940, defendants ordered the abstract and August 29, 1940, paid $31.50 for it.   August 16, 1940, defendant Sullivan wrote the following letter to the Arenac county abstract office:

"Enclosed find check for balance due on full amount to Charles Haslett and wife for 10 acres royalty as per option now on file in county office.

Please have abstract made up as per copy made to
Mr. Barker or have old one brought up to date and
when the above parties sign enclosed mineral deed
please give them the check and also the abstract.

"Render us a statement for service and we will
take up and put new deed on record.

"Please notify the Hasletts when ready, also be
sure to notarize their signatures. If not fully under-
stood please let us hear from you at once. A copy
of the above sent to the Hasletts."

The Hasletts received a copy of the letter but did
not give the matter any attention. This act of de-
fendants and notice thereof received by the Hasletts
constituted an acceptance of the option but left per-
formance of the contract thereunder, by execution
of the mineral deed, to the optionees and payment of
the agreed consideration.

The optionors did not go to the abstract office and
defendants, after waiting for some days, withdrew
the check and proposed mineral deed and took the
same to the home of the optionors. There it was
agreed that the parties would meet later in the day
at a garage in Standish where there was a notary
public and have the mineral deed signed, acknowl-
edged, and the payment made under the option.
The optionors and optionees went to the garage but
not at the same time and, therefore, did not meet and
nothing was done at that time. Two days later de-
fendant Hester wrote to Mrs. Haslett, who was the
active optionor, a letter stating:

"We could not locate you at Standish when we
stopped and no one saw you or Mr. at the garage or
at the restaurant. We were there about an hour and
could not wait any longer. I am enclosing the min-
eral deed which you & Charles may sign and have
notarized and I can give you the check and abstract.
Possibly we will be up about Thursday."

The optionors did not at any time object to the form of the mineral deed as prepared by the optionees. Upon receipt by optionors of the copy of the letter informing them to go to the abstract office, execute the mineral deed and there get the balance due on the option there came into existence a valid acceptance of the option by the optionees and contract relations established as of that time, unaffected by optionors' subsequent failure to perform and, under the evidence, the optionees being ready and willing at all times to perform the option, the circuit judge was right in decreeing specific performance. See *Wilcox* v. *Cline*, 70 Mich. 517; *Jefferson Land Co.* v. *Kannowski*, 233 Mich. 210; *Ludwig* v. *Hall,* 234 Mich. 478. The land and interests purchased by plaintiffs herein was with full knowledge of the recorded option executed by their grantors and they are bound thereby.

Decree affirmed, with costs to defendants.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.