ADVANCE DRY WALL COMPANY *v.* WOLFE-GILCHRIST, INC.

Appeal from Oakland, William J. Beer, J. Submitted Division 2 October 8, 1970, at Lansing. (Docket No. 7980.) Decided January 20, 1971.

Complaint by Advance Dry Wall Company against Wolfe-Gilchrist, Inc., and Dolan Thompson, Inc. to enforce a levy on a claimed equitable interest in land. Judgment for defendant Dolan Thompson, Inc. Plaintiff appeals. Remanded for the taking of further proofs.

*Dee Edwards,* for plaintiff.

*Simons, Simons & Musilli* (by *Julius M. Grossbart*), for defendant Dolan Thompson, Inc.

Before: Levin, P. J., and T. M. Burns and J. E. Hughes,[*] JJ.

Inc., plaintiff commenced this action under MCLA firmance of the judgment against Wolfe-Gilchrist, the same will serve no purpose. Following our afone and is set out at 14 Mich App 706; restating of

PER CURIAM. The factual situation is a complex § 600.6131(2) (Stat Ann 1962 Rev § 27A.6131[2]) to enforce a levy on a claimed equitable interest in certain land now owned by the defendant, Dolan Thompson. It is plaintiff's claim that the equitable

[*] Circuit judge, sitting on the Court of Appeals by assignment.

interest which it is attempting to reach arose in favor of Wolfe-Gilchrist, or at least in favor of its creditors. Just prior to the close of plaintiff's proofs defendant moved for a judgment of no cause of action on five grounds. The trial judge granted the motion, but it is not clear on what grounds he did so. The five possible grounds were: 1) statute of limitations; 2) laches; 3) failure of plaintiff to meet its burden of proof of an equitable interest in the land of Wolfe-Gilchrist; 4) Dolan Thompson was a bona fide purchaser; 5) failure of plaintiff to show that Leonard Wolfe had any interest in the land.

The court's opinion was given on the record and its finding apparently was that the plaintiff's own proofs had established that Dolan Thompson and Sam Grossbart (the sole stockholder of the corporation) had done nothing to "delay, hinder or defraud creditors" and that the transfers were all part of a "salvage operation". There is no finding as to whether or not an equitable interest or resulting or constructive trust in the land ever arose, and if so, the reason for its existence. There is no finding as to whether the defendant disproved the claimed statutory presumption that the purpose of taking title to the land in the names of Messrs. Wolfe and Gilchrist and their wives was fraudulent as against the creditors of Wolfe-Gilchrist, Inc. There is likewise no finding as to whether or not Dolan Thompson was a purchaser for value without notice or whether its predecessor in title was such a purchaser.

On appeal, at least, plaintiff's attorney claims that the equitable lien arose by virtue of MCLA §§ 555.7, 555.8 (Stat Ann 1957 Rev §§ 26.57, 26.58). The attorney for Dolan Thompson claims that the case was tried on a totally different theory (an action based on transfers of land as a fraud on creditors) and a review of the pleadings gives at least some

support to his claim. However, to further compound our confusion, when asked directly at the time of oral argument before this Court, the attorney for Dolan Thompson said that his claim was that Dolan Thompson was insulated because of the fact that Ernest Wells, a predecessor in title, was a *bona fide* purchaser without notice. This possibly could have been one of the ground(s) upon which the trial judge granted the motion, although it does not appear to be so.

Even after a careful review of the entire record as well as full consideration of the briefs filed and oral argument made before us, what facts the trial judge found or what law he applied we cannot say. We are likewise unable to make such a determination of fact from the record that is now before us nor to apply the applicable law, principally because we are unable to determine under what theory or theories the case was tried.

We therefore, without retaining jurisdiction, remand this case to the trial court for the taking of such further proofs as may be necessary and for a full finding of facts and application of the law as required by GCR 1963, 517.1.

The order awarding costs is also vacated.