ADVANCE DRY WALL COMPANY v WOLFE-GILCHRIST, INC.

1. FRAUDULENT CONVEYANCES—STATUTE OF LIMITATIONS.

A claim by a creditor that a debtor fraudulently transferred assets while in debt to the creditor is not barred by the contract statute of limitations; such a proceeding must be initiated within ten years of the date on which the creditor's claim against the debtor was reduced to a judgment (MCLA 600.5809).

2. FRAUDULENT CONVEYANCES—JUDGMENT CREDITORS—LACHES.

Neither the mere passage of time nor expenditures made on the land by a culpable party will act to insulate the property from the claims of a judgment creditor; thus where the record does not indicate that a plaintiff was responsible for a delay in litigation through any dilatory conduct, and a deed-holder's expenditures in maintaining the land were made under circumstances where he is chargeable with the knowledge that the land was subject to a plaintiff's claim from the very beginning of his interest in the land, the doctrine of laches will not be applied.

Appeal from Oakland, William J. Beer, J. Submitted Division 2 March 7, 1974, at Lansing. (Docket No. 17396.) Decided May 1, 1974.

Complaint by Advance Dry Wall Company against Wolfe-Gilchrist, Inc., and Dolan Thompson, Inc., to enforce a levy of execution on an equitable interest in land. Judgment for plaintiff. Defendants appeal. Affirmed.

*Dee Edwards,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 37 Am Jur 2d, Fraudulent Conveyances §§ 193–198.
Statute of limitation applicable to suit by creditor to set aside transfers of debtor's property. 128 ALR 1289.

*Leithauser & Grossbart,* for defendants.

Before: McGREGOR, P. J., and R. B. BURNS and R. L. SMITH,* JJ.

R. B. BURNS, J. This is the third time this controversy has come before this Court. See *Advance Dry Wall Co v Wolfe-Gilchrist, Inc.,* 14 Mich App 706; 165 NW2d 906 (1968), and *Advance Dry Wall Co v Wolfe-Gilchrist, Inc.,* 29 Mich App 540; 185 NW2d 560 (1971). The present appeal arises from a judgment in a supplementary proceeding in execution of a judgment against defendant Wolfe-Gilchrist pursuant to MCLA 600.6131(2); MSA 27A.6131(2).

In 1955, Mr. Wolfe and Mr. Gilchrist formed Wolfe-Gilchrist, Inc., for the purpose of building houses. The two men subsequently bought 90 acres of land on land contract. They held the land jointly in their own names. This land was later divided into 139 lots. For the first few years the land was primarily paid for out of funds raised through the sale of completed houses. After paying for the land, Wolfe-Gilchrist did not have enough money left over to pay all of the subcontractors who helped to build the houses. Plaintiff is an unpaid subcontractor.

In December, 1957, Gilchrist quitclaimed his interest in the land to a Sam Grossbart. Grossbart then took an active managerial role in the affairs of Wolfe-Gilchrist; he reorganized and supervised the handling of the company's finances. Wolfe-Gilchrist was insolvent when Grossbart became involved with the company.

Wolfe deeded his interest in the land to Barton Cement Company in 1958. Neither the Gilchrist-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Grossbart conveyance nor the Wolfe-Barton Cement transaction produced any revenue for Wolfe-Gilchrist. In fact, the Wolfe-Barton Cement deed was not supported by any substantial consideration. Grossbart is the controlling stockholder of the Barton Cement Company.

Barton Cement later deeded its interest back to Wolfe, again without substantial consideration supporting the transaction. In 1960 Wolfe, through his attorney, Mr. Keys, deeded his interest to a Mr. Wells, an escrow agent. At the same time Grossbart also conveyed his interest in the land to Wells. While Wells paid some minor maintenance bills for Wolfe-Gilchrist, he did not pay a fair consideration for his newfound interest in land.

Soon after Grossbart's purchase of Gilchrist's interests in Wolfe-Gilchrist, Wolfe-Gilchrist ceased building houses or carrying on other corporate activities. Instead, Wolfe and Grossbart created the Holly Hill Farms Building Company which continued to build houses on the 90 acres of land that Wolfe and Gilchrist had originally held for Wolfe-Gilchrist. Wolfe and Grossbart treated the land as if Wolfe-Gilchrist had no interest in it, and began to use the land for the benefit of Holly Hill Farms. Wolfe admitted that the Holly Hill Farms ruse was used to avoid harrassment from Wolfe-Gilchrist creditors.

In April, 1960, Wells conveyed all remaining unsold lots in the original 90 acres to defendant Dolan Thompson, Inc., a recently created Michigan corporation controlled by Grossbart. Wolfe-Gilchrist never received any consideration for this conveyance. Wells was reimbursed for his expenses as escrow agent, but he never received a fair consideration for the conveyance. Plaintiff, a Wolfe-Gilchrist creditor, is presently seeking to

levy execution upon four lots still in Dolan Thompson's possession. He claims that Wolfe-Gilchrist has an equitable interest in the land that was not cut off by the series of conveyances. Plaintiff's original judgment against Wolfe-Gilchrist was returned unsatisfied.

Plaintiff brought suit under MCLA 555.7; MSA 26.57 and MCLA 555.8; MSA 26.58. Those statutes would create an equitable interest in the land in favor of the plaintiff creditor since the valuable consideration for the land was paid for by Wolfe-Gilchrist but the title was taken exclusively in the names of Wolfe and Gilchrist. Such conveyances are presumptively fraudulent against Wolfe-Gilchrist's creditors under MCLA 555.8; MSA 26.58. The facts presented at trial amply show that plaintiff met its burden of proof in all respects on this question pursuant to MCLA 600.6131(1); MSA 27A.6131(1).

Thus, the burden was on defendants to produce credible evidence of a bona fide conveyance. *Detroit & Security Trust Co v Gitre,* 254 Mich 66; 235 NW 884 (1931). The trial court found that the defendants did not meet their burden. Under the circumstances, this Court will not overrule the findings of the trial court. *Christine Building Co v City of Troy,* 367 Mich 508, 518; 116 NW2d 816 (1962). *Papin v Demski,* 383 Mich 561; 177 NW2d 166 (1970).

Defendants argue that plaintiff's claim is barred by laches or the contract statute of limitations. MCLA 600.5807(8); MSA 27A.5807(8). The defendants' citation of the contract statute of limitations is inappropriate. *Tawas & B C R Co v Iosco County Circuit Judge,* 44 Mich 479, 482; 7 NW 65 (1880), and *Morse v Roach,* 229 Mich 538; 201 NW 471 (1944), and statutes MCLA 600.6131(1); MSA

27A.6131(1) and MCLA 566.19; MSA 26.889, require a creditor to reduce his claim to a judgment against the debtor before he is allowed to challenge the transmutation of the debtor's assets. The proceedings must be initiated within ten years of the date on which the underlying judgment was rendered. MCLA 600.5809; MSA 27A.5809.

Plaintiff began this controversy by filing suit against Wolfe-Gilchrist on September 11, 1961. Plaintiff has been in court ever since. While this controversy has obviously taken an unusually long time to resolve, the record does not indicate that plaintiff was responsible for the delay through any dilatory conduct. In fact, the plaintiff's conduct provides no justification for the application of the laches doctrine. The trial court found that defendant Dolan Thompson had not proved itself to be a bona fide purchaser. This finding is well supported by the trial record and the applicable law. *Michigan A L R Co v Mellen,* 44 Mich 321; 6 NW 845 (1880), *Grenell v Detroit Gas Co,* 112 Mich 70; 70 NW 413 (1897), and *Continental Bank v Stuart,* 281 Mich 487; 275 NW 219 (1937). Neither the mere passage of time nor the expenditures made on the land by a culpable party will act to insulate the property from the claims of a judgment creditor. *Dunn v Minnema,* 323 Mich 687, 695–696; 36 NW2d 182 (1949). Thus, Dolan Thompson's expenditures maintaining the land in question are not of pivotal importance here since defendants were chargeable with the knowledge that the land was subject to plaintiff's claim from the very beginning of its interest in the land. The laches doctrine does not apply here.

The trial court opinion is affirmed.

Costs to plaintiff.

All concurred.