# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM E. KASBEN,

Plaintiff-Appellant,

v

JOSEPH T. KASBEN, JOHN M. KASBEN, and
BARBARA FIEBING,

Defendants-Appellees,

and

BERYL W. KASBEN a/k/a BERYL W.
HOFFMAN a/k/a BERYL MARLENE WILSON,
WILLIAM E. KASBEN, Personal Representative
for the Estate of EDWIN J. KASBEN, and SSLJ
CORPORATION,

Defendants.

UNPUBLISHED
May 19, 2015

No. 314851
Leelanau Circuit Court
LC No. 2001-005583-CH

Before: RONAYNE KRAUSE, P.J., and WILDER and STEPHENS, JJ.

PER CURIAM.

Plaintiff William E. Kasben appeals as of right a trial court order denying plaintiff's motion for reconsideration of a judgment for defendants, his siblings (Joseph T. Kasben, John M. Kasben, and Barbara Fiebing). We reverse and remand.

I

This quiet title action returns to the Court more than seven years after being affirmed in part, reversed in part, and remanded to the Leelanau Circuit Court in *Kasben v Kasben*, unpublished opinion per curiam of the Court of Appeals, issued August 25, 2005 (Docket No. 253345) (hereafter *Kasben I*). This Court instructed the parties and the trial court on remand to address whether the option agreements in issue run with the land.

Plaintiff conveyed certain real property known as Ferguson 40, Ferguson Lane, and Heimforth's Farm to his father, Ed Kasben, in a deed dated February 29, 1996, and he

-1-

quitclaimed the Martin Peplinski Farm to Ed in a deed dated March 29, 1996. Both deeds contain the following option agreement:

> Grantor William E. Kasben reserves an option to purchase the above lands (right of first refusal) when the grantee no longer farms the land or decides to sell it or upon his death. The value of the land is to be determined based on agricultural value.

In a deed dated May 29, 2001, Ed conveyed all his interest in these four properties to his four children equally in exchange for one dollar.[1]

In *Kasben I*, this Court was called upon to determine whether the option agreements in the 1996 deeds were void for lack of consideration, and held that they were not—"we conclude that the trial court erred in determining that there was no consideration to support these agreements." *Kasben I*, unpub op at 3. In addition to concluding that there was sufficient consideration to support the agreements, this Court also held that "these agreements are options because they provide that William Kasben has the right to buy the property at a specified price and a specified time." *Id.* Finally, *Kasben I* concluded that:

> "The question nonetheless remains what effect the options had on the subsequent conveyances to defendants. With respect to the February 29, 1996 and March 29, 1996 deeds, *the above-quoted provision is clear*: William Kasben had the right to repurchase the property from Edwin Kasben under the condition that Edwin Kasben 1) stopped farming, 2) decided to sell the property; or 3) died. Plaintiffs concede on appeal that "No factual evidence was introduced that any of these events had yet occurred." Plaintiffs assert that, despite the transfers to defendants, "title to the lands should still show William Kasben's right to purchase the property upon the terms specified." However, the issue of whether these agreements run with the land is not preserved for appellate review because it was never raised before or decided by the trial court. Because resolution of this issue is necessary to the determination of the parties' interest in the property, we remand for the parties and the trial court to address this issue." [*Id*. (emphasis added).]

In footnote 2, this Court concluded that "[w]ith regard to the March 30, 1996 deed, the option agreement is also valid, contrary to the trial court's ruling." *Id*.

Ed Kasben died on June 16, 2011. On June 29, 2011, plaintiff filed notices to exercise his options.

---

[1] Our Supreme Court has found similar conveyances of land to children for nominal consideration to be gifts and not sales. *Lapham v Lapham*, 239 Mich 237, 238; 214 NW 189 (1927). The trial court treated the conveyances here as gifts, and we agree that, as a matter of law, the conveyances were gifts and should be treated as such.

Approximately seven years after this Court's remand of this matter, the trial court conducted an evidentiary hearing, after which the trial court made several rulings. First, the trial court held that the "option agreements drafted by William Kasben . . . cannot possibly be supported by valid consideration." Second, the trial court held that "[f]or all those reasons described by the [d]efendants, . . . the documents are vague, indefinite and that this ambiguity must be construed against the drafter of the option agreements, William Kasben." Third, the trial court held, "because Ed Kasben gifted the property to each of his children equally prior to terminating farming and prior to the end of his life, those triggering events that would allow the options to be exercised never occurred." Related to its third ruling, the trial court also held that because "Ed Kasben chose to make a gift . . . [plaintiff] was not allowed to exercise the options." Lastly, the trial court concluded that "the passage of time alone should preclude the exercise of these option agreements. A decade has passed from the grant by Edwin Kasben to his children without a formal exercise of the option agreements by William Kasben." The trial court issued an order addressing Ferguson 40, Ferguson Lane, and Heimforth's Farm. It later amended the order on defendants' motion to extend the court's ruling to the Martin Peplinski Farm and denied plaintiff's motion for reconsideration.

II

Plaintiff argues that the trial court's ruling that the options were unenforceable on the grounds that the options were vague, indefinite, and ambiguous and lacked consideration exceeded the scope of the remand order because those matters were already decided by this Court in *Kasben I*. We agree.

> Generally an option may be defined as a contract by which the owner agrees with another person that he shall have the privilege of buying his property at a fixed price, within a limited time. It is neither a sale of land nor an agreement to sell, but merely the disposal of a privilege in electing to buy at a fixed price within the time limited. The other party acquires no lands, or interest in land, not even a chose in action, prior to his election; but he does obtain what is often of large value, the privilege, at his election, to demand and receive a conveyance of land. [*Cameron v Shumway*, 149 Mich 634, 640-641; 113 NW 287, 290 (1907) (citation and quotation marks omitted.]

Upon exercise, an option will become a binding real estate sales contract. *Ludwig v Hall*, 234 Mich 478, 480; 208 NW 436 (1926).

The power of the lower court on remand is to take such action as law and justice may require so long as it is not inconsistent with the judgment of the appellate court. *Sokel v Nickoli*, 356 Mich 460, 464; 97 NW2d 1 (1959). "[W]hen an appellate court gives clear instructions in its remand order, it is improper for a lower court to exceed the scope of the order." *K & K Constr*, 267 Mich App at 544. The law of the case doctrine holds that, where the facts remain the same, a ruling by an appellate court on a particular issue binds the appellate court and all lower tribunals as to that issue. *Grievance Administrator v Lopatin*, 462 Mich 235, 260; 612 NW2d 120 (2000); *City of Kalamazoo v Dep't of Corrections (After Remand),* 229 Mich App 132, 135; 580 NW2d 475 (1998). The primary purpose of the rule is to maintain consistency and avoid reconsideration of matters once decided during the course of a single lawsuit." *City of*

*Kalamazoo*, 229 Mich App at 135. The law of the case doctrine applies "without regard to the correctness of the prior determination." *Id*.

In *Kasben I*, this Court very clearly ruled that "the trial court erred in determining that there was no consideration to support these agreements." *Kasben I*, unpub op at 3. Thus, the trial court's ruling that the "option agreements drafted by William Kasben . . . cannot possibly be supported by valid consideration" is clearly and improperly contrary to the law of the case. This Court also held that the agreements were options because they provided plaintiff the right to buy the property at a *specified* place and a *specified* time. These findings are in accord with the elements for creating an option agreement as described in *Cameron*, 149 Mich at 640-641. Thus, the trial court's ruling on remand that the documents are vague and indefinite also clearly and improperly violate the law of the case doctrine.[2] "A party that objects to the law as stated by the appellate court may either request a rehearing or appeal to the Supreme Court." *Bruce Twp v Gout*, 207 Mich App 554, 557-558; 526 NW2d 40 (1994). Defendants did not seek this relief. Therefore, under the law of the case doctrine, the trial court was bound by this Court's decision that the agreements were supported by consideration and that the agreements, rather than being vague and ambiguous, were clearly options. *Hill v City of Warren*, 276 Mich App 299, 308; 740 NW2d 706 (2007).

III

Plaintiff also argues that the trial court failed to follow this Court's instructions on remand and determine whether the options run with the land. We agree. "Whether a trial court followed an appellate court's ruling on remand is a question of law that this Court reviews de novo." *City of Kalamazoo v Dep't of Corrections (After Remand)*, 229 Mich App 132, 134-135; 580 NW2d 475 (1998). Whether options run with the land is also a question of law. *In re Finlay Estate*, 430 Mich 590, 595; 424 NW2d 272 (1988). "An option to sell real estate given by the owner of the property is an obligation that runs with the land and may be exercised by the optionee, even against subsequent purchasers, so long as those purchasers are not bona fide purchasers for value." 1 Cameron, Michigan Real Property Law, (3d ed), § 15.47, p 555; see also *Nu–Way Service Stations, Inc v. Vandenberg Bros Oil Co*, 283 Mich 551; 278 NW 683 (1938).

The trial court made alternative rulings as to whether the option agreements run with the land. The trial court first ruled that, as a result of Ed Kasben's gift to his children, the triggering events allowing plaintiff to exercise the options never occurred. This ruling, by implication,

---

[2] The trial court based its ruling that the options were ambiguous upon "all the reasons described by [defendants]." However, in our review of the record, we see no reasons actually offered by the defendants, but instead, mere conclusory assertions of ambiguity, none of which defeats this Court's prior ruling that "these agreements are options because they provide that William Kasben has the right to buy the property at a specified price and a specified time." *Kasben I,* unpub op at 3.

-4-

concludes that the option agreements do not run with the land because the gifts terminated the option agreements. The trial court ruled in the alternative that plaintiff could not exercise the options because a decade had passed since the gifts were made. This ruling suggests that the option agreements did run with the land and that, while they were not terminated at the time of the gifts, they were terminated nevertheless because, given the passage of time, they were not timely exercised.

As this Court ruled in *Kasben I*, the plain language of the option agreements allowed plaintiff to exercise the options if Ed Kasben stopped farming, decided to sell, or died. A court may not rewrite clear and unambiguous language under the guise of interpretation. *Henderson v State Farm Fire and Casualty Co*, 460 Mich 348, 354; 596 NW2d 190 (1999). Rather, courts must give "effect to every word, phrase, and clause in a contract and avoid an interpretation that would render any part of the contract surplusage or nugatory." *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 468; 663 NW2d 447 (2003). The fact that an agreement does not specifically account for every contingency that may occur does not render otherwise clear language ambiguous. Applying these principles of law to the agreements at issue here, we conclude that, in addition to being contrary to the law of the case and beyond the scope of this Court's remand, the trial court's conclusion that the option agreements were ambiguous because the agreements did not specify whether the options would or would not terminate if Ed Kasben gifted the properties to anyone before the options were exercised, is also legally erroneous. Here, having stated clearly the three contingencies upon which the options at issue in this case could be exercised, the agreement can only be interpreted to conclude that the options were ripe to be exercised when *any* of the listed contingencies occurred. See *Wayne Co v Wayne Co Retirement Comm*, 267 Mich App 230, 248; 704 NW2d 117 (2005) ("A general principle of . . . construction is the doctrine of expressio unius est exclusio alterius, which means the express mention of one thing implies the exclusion of another."). Because defendants' interests arise through Ed Kasben's gifts, and not because defendants are bona fide purchasers, we conclude as a matter of law that the options *do* run with the land.[3] The portion of the trial court's ruling that the gifts served to defeat plaintiff's interests as granted in the options was error.

Finally, we also conclude as a matter of law that, when plaintiff filed notices on June 29, 2011 to exercise his options in the properties at issue, the options were timely exercised. The record is undisputed that because Ed Kasben continued farming, through plaintiff, for the rest of his life, and because the gifts to defendants were not sales of the properties, none of the option contingencies were triggered, and the option agreements did not ripen, until Ed Kasben's death. Plaintiff's notices to exercise the options, filed less than two weeks after Ed Kasben's death, were clearly timely and expeditiously filed. See, e.g., *Matter of Prichard's Estate*, 410 Mich 587, 592; 302 NW2d 554 (1981). This litigation, including the lengthy delay—for whatever

---

[3] At the time this Court ruled in *Kasben I*, Ed Kasben was still living, and as this Court stated, there was no evidence in the record concerning the other contingencies. The absence of evidence in the record concerning the contingencies upon which plaintiff was entitled to exercise the options suggests why this Court previously remanded to the trial court for a finding as to whether the options run with the land. However, the record before this panel is not similarly incomplete.

reasons—in the trial court to address the matters remanded by this Court, does not vitiate the notices presented by plaintiff when the options first ripened. See, e.g., *Advance Dry Wall Co v Wolfe-Gilchrist, Inc*, 53 Mich App 215, 219; 218 NW2d 866, 868 (1974) (even when a matter in controversy has taken an unusually long time to resolve, the mere passage of time does not bar a claim when the record does not indicate that a party was responsible for the delay through any dilatory conduct). Thus, the trial court erred by holding that the passage of time terminated the option agreements.

IV

Reversed and remanded for entry of judgment in favor of plaintiff. We do not retain jurisdiction. Plaintiff, as the prevailing party on appeal, may tax costs pursuant to MCR 7.219.

/s/ Kurtis T. Wilder
/s/ Cynthia Diane Stephens